Dear Commissioner Fowler:
This office is in receipt of your opinion request in which you present the following issues for our review:
 R.S. 18:176 states that the registrar shall suspend the voter registration of a convicted felon, after due process, by deleting the registrant's name from the statewide computer system. R.S. 18:177 (A) requires the reinstatement, without the requirement of re-registration, of a registrant upon receipt of documentation from a corrections official, stating that the person is no long under an order or imprisonment. The significant issue is whether the complete deletion of the name and registration information in the computer system would compromise the integrity of the statewide registration system. Will maintaining the suspended record of convicted felons on the statewide computer system, provide important access to the registrar when attempting to reinstate the felon?
LSA-R.S. 18:176 (A)(3)(b) provides for the suspension of registrants who have been convicted of a felony and are under an order of imprisonment, as follows:
 If the registrant fails to appear within the required twenty-one days, the registrar shall suspend the registration by deleting the registrant's name from the statewide computer registration system and, if necessary, by drawing in red ink a line through the registrant's name on the precinct register and the duplicate precinct register. Such line shall be initialed by the registrar or employee of the registrar. The registrar shall note on the registration record and on the original application for registration that the registrar has been notified of conviction of a felony for which there is an order of imprisonment, and he shall note also the date of the suspension and the date of the report, when applicable. The registrar shall remove the original application from his file of eligible voters and shall place it in his suspension file. In addition, each person whose registration is suspended under this Subsection shall immediately be notified of the suspension and the reason therefor.
 * * * (Emphasis added)
In 1997, the Louisiana Legislature enacted Act No. 1420, adding R.S. 18:177. This law was amended in the 1999 session by Act No. 1381 as follows:
 A. The registration of a person whose registration has been suspended by the registrar of voters pursuant to R.S. 176 for conviction of a felony shall be reinstated upon receipt by the registrar of when the person appears in the office of the registrar and provides
documentation from the appropriate correction official showing that such person is no longer under an order of imprisonment provided that any person who qualifies to vote under the special program for physically handicapped voters pursuant to Chapter 7-A of this Title may provide such documentation in the manner provided for such voters to vote absentee pursuant to R.S. 18:1332 and 1333.
 * * * (Emphasis added)
The language of R.S. 18:176 requires the registrar to suspend the registration by deleting the registrant's name from the statewide computer registration system. This language, suspend by deleting, is an oxymoron, having the effect of contradiction. More contradiction is created when the following statute, R.S. 18:177, requires the registrar to reinstate the registration of the person whose registration was suspended. Since it is our opinion that the law is not clear and is ambiguous, we are required to look beyond the language of the statutes to determine the intent of the laws.
In trying to interpret these laws in reference to each other [LSA-C.C. art. 13], we reviewed all of the provisions of the Election Code dealing with the statewide computer system and the information that it contains on registered voters. (R.S. 18:31, 152, 157, 175, and 562) Basically, the computer center in your office maintains the list of all registered voters. Also maintained by the computer center is a listing of the inactive voters who are eligible to vote in elections and the cancelled and suspended voters. The lists which are provided as precinct registers at the polls on Election Day are (1) the list of registered voters, and (2) the list of inactive voters who are eligible to vote in an election. No list of cancelled or suspended voters is provided as precinct registers, nor should cancelled or suspended voters be on those lists provided as precinct registers on Election Day, for they are not maintained on the computer system as registered voters. They are maintained as canceled or suspended voters.
The statewide computer system provides a vital function, in that it connects all 64 parishes to the State Department of Elections and Registration. The registrars are able to cross-reference a person on the system to ensure that we do not have duplicate registrants. (R.S. 18:108) The registrars are also able to cross-reference whether a person has been canceled or suspended and the reason therefore. By maintaining information on canceled or suspended voters, the computer system alerts the registrar of important information which otherwise may be unknown. This same reasoning applies herein to voters who are suspended for reason of a felony conviction.
Prior to Act 1420 of 1997, an individual who was pardoned or completed his probation for a felony conviction would have to re-register in order to vote because he had previously been canceled in accordance with law. There was no mechanism in the law for the registrar to reinstate the person. Additionally, the 1999 amendment to R.S. 18:177, requires the individual to appear in person with proof of the fact that he is no longer under an order of imprisonment in order to be reinstated.
"Order of imprisonment" is defined in R.S. 18:2 (2) as a sentence of confinement, whether or not suspended, whether or not placed on probation, with or without supervision, and whether or not paroled. Therefore, if the individual appears in person and simply seeks to register as a new registrant, yet he remains under an order of imprisonment, such as probation, and does not inform the registrar of this information, the registrar would have no way of knowing of his prior registration and its cancellation or suspension if such information was not noted on the statewide computer system.
Obviously, it is possible for a convicted felon's name to appear on the precinct register, as acknowledged by R.S. 18:176, which provides for the registrar to draw a red line through the convicted felon's name on the precinct register and the duplicate precinct register. This occurs when the registrar receives notice of the felony conviction at a point in time when the 21-day show cause period falls between the close of the registration books and the election. It is our opinion that one of the goals of this new legislation is to ensure that convicted felons' names do not appear on a precinct register, allowing a possible fraudulent vote.
Another goal of this legislation is to allow the person to be reinstated, rather than to have to re-register in order to vote. Total deletion of the convicted felon's name from the computer system, without placing the person in suspension, would defeat the purpose of these laws.
For all of the foregoing reasons, we are of the opinion that the purpose of these laws and the important vital functions of the statewide computer system can be achieved by interpreting the laws to be applied in a way which removes a suspended convicted felon's name from the list of registered voters, preventing suspended convicted felon's name from appearing on a precinct register on Election Day, yet allowing the information to remain on the system in a suspended list for reference by any registrar in the state. This has been the practice in the past when a voter was canceled. We see no reason why this important data can not be maintained on the system in a suspended list, so long as the legislative purpose of removing the convicted felon's name from the list of registered voters used for the precinct registers on Election Day is achieved, thus allowing the person to be reinstated in accordance with law.
With regard to those felons who were canceled under the prior law, it is our opinion that this data should also be maintained on the statewide computer system for the same reasons discussed above. This data will alert the registrar to require the proper documentation set forth in present law before allowing the person to re-register in those instances.
We hope this opinion addresses all of your questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr